CENTRAL AUTO MARKET, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8327. Promulgated August 2, 1927.

On the evidence *held* that during the year 1920 the petitioner did not take over and operate the second-hand automobile business which prior to the incorporation of the petitioner was conducted under the trade name Central Auto Market.

*Walter E. Barton, Esq., Thomas Watters, Jr., Esq.,* and *R. W. Colflesh, Esq.,* for the petitioner.
*George G. Witter, Esq.,* and *J. H. Sherlock, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits tax for the year 1920 in the amount of $6,250.56 plus a

penalty of $1,562.64 for failure to file a return for that year. The sole question at issue is whether the petitioner was engaged in doing business during the year 1920 and realized income therefrom.

FINDINGS OF FACT.

During 1919, J. Levitt owned and operated as an individual in Des Moines, Iowa, three distinct businesses under three distinct trade names as follows: Levitt Real Estate Co., State Loan Co., and Central Auto Market. The second-hand automobile business known as the Central Auto Market was commenced by him in the fall of 1919. Ellis I. Levitt, son of J. Levitt, worked for his father in an executive capacity in 1919 and had been so employed prior to that year. On January 1, 1920, Ellis I. Levitt entered into an oral partnership agreement with his father, and thereafter the three businesses were conducted on the basis of two-thirds of the profits to J. Levitt and one-third of the profits to Ellis I. Levitt.

On February 17, 1920, J. Levitt and Ellis I. Levitt signed articles of incorporation for a corporation to be known as the Central Auto Market, the name of the corporation being the same as the trade name of the second-hand automobile business which they were then operating. The articles were filed for record in the office of the Secretary of the State of Iowa, and a charter was granted. The charter authorized the corporation to deal generally in automobiles and accessories. It also provided that J. Levitt and Ellis I. Levitt should constitute the board of directors until the election and qualification of their successors. Notice of incorporation was published in the Des Moines Daily Record on May 18, May 25, June 1, and June 8, 1920.

On January 2, 1921, the first shares of stock of the corporation were issued. Certificate No. 1 for 140 shares was issued to J. Levitt as was also Certificate No. 2 for 40 shares. Certificate No. 3 for 70 shares was issued to Ellis I. Levitt. Certificate No. 2 was assigned to George D. Nelson on April 4, 1921, whereupon it was canceled and Certificate No. 4 in lieu thereof was issued the same day to George D. Nelson, who was the manager of the corporation. The par value of the shares was $100 each. No cash or property was paid in for the stock at the time it was issued, nor was any cash or property subsequently paid in therefor.

On January 2, 1921, call and waiver of notice of the first meeting of the stockholders of the corporation was made and on the same day the first stockholders' meeting was held, at which time J. Levitt and Ellis I. Levitt were elected directors. After call and waiver of notice the first directors' meeting was also held on January 2, 1921.

at which time J. Levitt was elected president and vice president and Ellis I. Levitt was elected secretary and treasurer.

No transfer of the assets or book accounts of the business conducted under the trade name Central Auto Market was ever made to the incorporated Central Auto Market. The books of the business at all times from its inception were kept in the office of the Levitt Real Estate Co. During the year 1920, the capital accounts were kept in the name of J. Levitt and Ellis I. Levitt. Early in 1921 a new ledger was opened up as of January 1, 1921, in which the book accounts of the preexisting automobile business and a capital stock account were set up.

In 1919 and in 1920, notes were signed "Central Auto Market by J. Levitt." In 1921 notes were signed "Central Auto Market by Ellis I. Levitt, Secretary," and "Central Auto Market by Ellis I. Levitt, Treasurer." A bank account was opened in 1919 and the bank was authorized to honor checks signed "Central Auto Market by Ellis I. Levitt" or "Central Auto Market by J. Levitt." Checks were so honored in the year 1920. In 1921 only one check was drawn, which closed out the account. Credit for merchandise was extended to the Central Auto Market during the year 1920 on the personal representations of J. Levitt that he would be responsible for the bills. On December 30, 1920, a lease was entered into between Ellis I. Levitt, lessor, and Central Auto Market, a corporation, lessee, for a term beginning January 1, 1921, and ending May 1, 1922.

No 1921 Federal capital-stock-tax return, which was due for filing on or before July 31, 1920, was filed by the petitioner. The petitioner did file the 1922 Federal capital-stock return which was due for filing on or before July 31, 1921. No Federal income-tax return was filed by the corporation for the year 1920. The partnership Federal income-tax return for the year 1920 was filed, in which was reported the income from the three businesses which were operated during that year under the trade names of Levitt Real Estate Co., State Loan Co., and Central Auto Market. J. Levitt and Ellis I. Levitt each filed individual Federal income-tax returns for the year 1920, in which each reported his distributive share of the income of the three businesses for that year, including the income of the second-hand automobile business conducted under the trade name Central Auto Market. The annual corporation report to the Secretary of State for the State of Iowa provided for by the laws of Iowa was filed by petitioner for the year 1920 on August 5, 1920, and the report for the year 1921 on August 27, 1921.

During the year 1920 chattel mortgage forms were printed with blank spaces for the insertion of the names of the mortgagor and mortgagee. On the reverse side of the forms the following words

were printed: "Copies of this form may be secured from Central Auto Market, Inc., dealers in used cars, 415–417 West Grand Avenue, Des Moines, Iowa." Approximately 500 chattel mortgages were taken in the name of the Central Auto Market during the year 1920. Some of them were written on these printed forms, and some of them were written on forms on which "Motor Finance Company" and "State Loan Company" were printed on the reverse side. Some of the chattel mortgages were taken prior to February 20, 1920, the date of incorporation, but the majority of them were taken after that date.

During the year 1920, three suits were brought by the Central Auto Market in the Municipal Court of Des Moines, Iowa, in connection with foreclosures of chattel mortgages. The petition alleged in each case that the plaintiff was a corporation existing under and by virtue of the laws of the State of Iowa, and that the defendant had executed and delivered to the plaintiff a certain mortgage and note. These suits were filed by George Harnagel, an attorney, at the instruction of George D. Nelson, an employee and agent of the Central Auto Market, who had charge of such matters. No instructions were given by either of the Levitts regarding the bringing of the suits, and no specific instructions were given the attorney by Nelson. The petition in each case was verified by George D. Nelson as agent for plaintiff. The first suit was filed April 24, 1920, and the chattel mortgage on which the suit was founded recited the Central Auto Market as mortgagee and was prepared on a Motor Finance Company form. The second suit was filed August 16, 1920, and the chattel mortgage recited the Central Auto Market, Inc., as mortgagee. The mortgage was prepared on a Central Auto Market, Inc., form. The date of filing the third suit does not appear. In each case no appearance was made for defendant and judgment was obtained by default.

Suit was filed against the Central Auto Market in 1920 by the Lozier Automobile Co., the petition alleging that the defendant was either a corporation or a partnership, composed of Ellis I. and J. Levitt.

OPINION.

SMITH: The record in the instant case presents the picture of a business enterprise passing through three phases of existence in less than two years. In the fall of 1919 it commenced doing business, and constituted the third unit of a group of three nonrelated business enterprises conducted by J. Levitt as sole proprietorships. On January 1, 1920, J. Levitt entered into an oral partnership agreement with his son Ellis I. Levitt, whereby the son acquired a one-

third interest in a partnership which continued the operation of the three businesses formerly conducted as sole proprietorships.

Early in 1920 it was decided to incorporate the second-hand automobile business conducted under the trade name of Central Auto Market. Articles of incorporation were prepared and filed with the Secretary of State for the State of Iowa and a charter was granted. The name of the corporation—the petitioner here—was also the Central Auto Market.

The respondent claims that the second-hand automobile business known as the Central Auto Market was conducted by the corporation from February 20, 1920, the date of incorporation, whereas the petitioner claims that while it existed as a corporation from February 20, 1920, it did not commence doing business until January 1, 1921.

Counsel for respondent contends that the second-hand automobile business was held out to the public as being that of a corporation and in support thereof he shows that chattel mortgage forms were printed bearing on the back thereof the words " Central Auto Market, Inc."; that such forms were used by the business in taking mortgages; that an annual corporation report for the year 1920 was filed with the Secretary of State; that three suits were filed in the Municipal Court of Des Moines, Iowa, in each of which it was alleged in the petition that the plaintiff—the Central Auto Market— was a corporation existing under and by virtue of the laws of the State of Iowa and was entitled to the mortgage and note sued upon, and that judgment in each of the suits was taken by the corporation. It is further alleged on behalf of the respondent that by reason of the foregoing the business was conducted by petitioner at all times during the year 1920 subsequent to its incorporation.

We are not convinced, however, that such was the case. The crux of the situation here is whether or not the corporation acquired the assets and took over the operation of the preexisting business during the year under review. The evidence shows clearly that such was not the case. No stock was issued by petitioner during the year 1920, and the capital accounts of the business known as the Central Auto Market were kept in the names of J. Levitt and Ellis I. Levitt throughout that year. A capital account was set up in the books of the corporation as of January 1, 1921, but no cash or property was paid in for stock at the time it was issued on January 2, 1921.

Evidence was presented tending to show that credit extended to the business during the year 1920 was not extended to the corporation but was based upon the personal credit of J. Levitt. Similarly money was loaned during the year on notes signed " Central Auto Market by J. Levitt," there being no indication that the notes were those of

a corporation, or that J. Levitt was not ultimately liable thereon. In the event of suit, we have serious doubts as to whether the Levitts could have relied on limited liability.

Although the petitions in each of the suits mentioned above alleged that the corporation was the owner of the chattel mortgage and the note involved, we can not find that such allegations show that the corporation had taken over the accounts receivable of the business. Judgment in each case was taken by default. Consequently, the question as to the identity of the party plaintiff was not raised. Nor does it appear that income was received by the corporation by reason of having obtained the judgments, it not having been shown that it obtained execution thereon. It is a fair presumption that eventually the judgments were either partially or wholly satisfied, but there can be no presumption that such satisfaction was obtained during the year 1920. Nor are we satisfied that the taking of chattel mortgages wherein the mortgagee was the Central Auto Market on forms bearing the words " Copies of this form may be secured from Central Auto Market, Inc.," demonstrates that said mortgages were taken by a corporation, especially in view of the fact that during the same period of time other mortgages were taken on forms of the Motor Finance Co. and the State Loan Co., in each of which the Central Auto Market was recited as mortgagee.

In view of the whole record, we are of the opinion that during the year 1920, the petitioner did not take over the assets and the operation of the second-hand automobile business conducted by the Central Auto Market, and the Commissioner did not determine that it received income during that year from other sources.

*Judgment of no deficiency will be entered.*

Considered by LITTLETON and LOVE.